**IMG4-093**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1698
_____

QIN ZHEN CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089 198 135)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 25, 2012

Before:  AMBRO, ALDISERT and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 26, 2012)
_____

OPINION
_____

PER CURIAM

Qin Zhen Chen petitions for review of an order of the Board of Immigration

Appeals ("BIA" or "Board"), which dismissed her appeal of an Immigration Judge's

("IJ") decision that denied her application for asylum, withholding of removal, and

protection under the United Nations Convention Against Torture ("CAT").  We will deny

the petition for review.

Chen is a Chinese citizen who arrived in the United States in 2008 and filed a timely, affirmative application for asylum, withholding of removal, and protection under the CAT, asserting that she was persecuted for violating China's family planning policy. The application was denied and a notice to appear for removal hearings was issued soon thereafter.

At her July 2009 removal proceeding, Chen testified that she and her husband were married in a traditional wedding ceremony in March 1996 and had a son in April 1997. In September 1997, Chen was detained at a family planning detention center for three to four days because she had failed to register her son's birth. Chen testified that, during her detention, she was deprived of food and water and held in unsanitary conditions. She stated that she was not sterilized because the officials learned that she had a serious thyroid condition. Her husband, however, was arrested and forcibly sterilized on September 22, 1997. After Chen's husband was sterilized, she was released.[1] She was also fined 10,000 RMB because she gave birth without permission. Chen did not pay the entire fine. Instead, she paid 2,000 RMB because she had to register her son in order for him to go to school. She testified that she had not paid the remainder of the fine even though the officials attempted to collect it several times per year. Although Chen remained in China until 2008 (never having paid the fine), she was not harmed or threatened. She was able to live with her mother and brother, and her

_____

[1] Chen's husband emigrated to the United States in 2000. He applied for asylum but his claim for relief was unsuccessful.

2

husband sent money to her from the United States.  However, she stated that the "harassment" by the birth control officials and the denial of her husband's asylum application caused her to come to the United States.[2]  Her son remains in China.

The IJ denied Chen's application for relief in July 2009.  She found Chen to be credible but determined that, under Lin-Zheng v. Attorney General, 557 F.3d 147 (3d Cir. 2009) (en banc), Chen was not eligible for asylum based on her husband's sterilization. The IJ also determined that Chen did not resist the population control policy, as she paid the fine in part and "cannot establish that the government of China considers her refusal to pay as resistance," especially because "there is no evidence that failure to pay the fine intruded on the respondent's life or freedom in China."  The IJ then concluded that Chen's detention and the imposition of the fine did not constitute persecution and that she had not established a reasonable or well-founded fear of future persecution.

On February 23, 2012, the BIA dismissed Chen's appeal.[3]  The BIA noted that she claimed that she was persecuted due to her "resistance" to the population control policy but determined that she had not met her burdens of proof and persuasion.  It first concluded that she did not personally suffer any harm (economic or otherwise) that rose to the level of persecution.  The BIA then concluded that because Chen had not met her burden for asylum, she could not meet the more stringent burden for withholding of

---

[2] Chen was able to obtain a legitimate Chinese passport and apparently left China legally.

[3] On November 12, 2009, the BIA remanded the case to the IJ due to problems with transcription of the IJ's decision.  The IJ reissued its decision denying Chen's application on November 20, 2009.

removal. Additionally, the BIA held that she failed to demonstrate her entitlement for relief under the CAT. Chen thereafter filed in this Court a counseled petition for review.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). The BIA's decision is reviewed under the substantial evidence standard and will be upheld "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (internal citation omitted).

As the BIA concluded, Chen may not rely on her husband's sterilization to establish automatic asylum eligibility based on past persecution. See Lin-Zheng, 557 F.3d at 156-57. Based on the statutory definition of refugee under 8 U.S.C. § 1101(a)(42), we have determined that refugee status extends only to individuals who have been subjected to an involuntary abortion or sterilization procedure, have been persecuted for failure to undergo such a procedure, or have a well-founded fear of such persecution in the future. Id. Spouses are eligible for relief if they qualify as a refugee based on their own persecution or well-founded fear of persecution for "other resistance" to a coercive population control program. Id. at 157.

Substantial evidence supports the BIA's conclusion that Chen did not establish eligibility for any type of relief. Chen argues that she was persecuted for resisting the family planning policy by refusing to pay the fine that was levied for failure to register her son's birth. However, even assuming that failure to pay a fine constitutes "other resistance," substantial evidence supports the BIA's determination that Chen's treatment did not rise to the level of persecution. See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir.

4

1993) (defining persecution as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom"). As the BIA explained, Chen paid part of the fine in order to register her son for school. She remained in the country for several years after the fine was assessed, and although officials asked her to pay the fine many times each year, she was not punished in any way for failing to comply. See Yu v. Att'y Gen., 568 F.3d 1328, 1334 (11th Cir. 2009) (stating that the petitioner did not demonstrate past persecution by hiding with his wife to avoid her sterilization, being fined, or being threatened with arrest). This treatment neither rose to the level of persecution nor provided any basis for determining that she would be persecuted in the future if she returns to China. Additionally, Chen's three-day detention, while unfortunate, did not rise to the level of persecution. Cf. Toure v. Att'y Gen., 443 F.3d 310, 318-19 (3d Cir. 2006); Voci v. Gonzales, 409 F.3d 607, 614 (3d Cir. 2005). We further agree with the BIA that her failure to demonstrate eligibility for asylum necessarily precludes her from meeting the more stringent standard for withholding of removal. See Yu v. Att'y Gen., 513 F.3d 346, 349 (3d Cir. 2008).[4]

In sum, the evidence does not compel us to overturn the BIA's decision to deny Chen's claims, and for the foregoing reasons, we deny the petition for review.

---

[4] Finally, we agree that Chen failed to establish eligibility for protection under the CAT. See 8 C.F.R. § 208.16(c)(4).